J-S33045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORY DAIN MARTIN | : | |
| | : | |
| Appellant | : | No. 319 EDA 2018 |

Appeal from the Judgment of Sentence November 13, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007268-2013

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 26, 2018**

Appellant, Cory Dain Martin, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County on November 13, 2017, following the revocation of his probation.  On appeal, he challenges the discretionary aspects of his sentence.  Additionally, Appellant's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief").  After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: On November 27, 2013, Appellant entered a negotiated guilty plea to the charges of possession of a controlled substance, driving under the influence of a

_____
*   Former Justice specially assigned to the Superior Court.

controlled substance ("DUI") (third offense), and driving while operating privilege is suspended or revoked.[1] In accordance with the plea agreement, the trial court sentenced Appellant to an aggregate of one year to two years in prison, to be followed by three years of probation. Appellant did not file an appeal to this Court.

While Appellant was on probation with regard to the instant case, on or about April 20, 2015, Appellant was charged with possession of a controlled substance, 35 P.S. § 780-113(a)(16), and on August 3, 2015, he entered into a negotiated guilty plea. He was placed on immediate parole; the Commonwealth did not seek to revoke Appellant's probation with regard to the instant case.

On or about December 8, 2016, Appellant was arrested in Philadelphia and charged with DUI (fourth offense), as well as driving while operating privilege is suspended or revoked.[2] On November 13, 2017, represented by counsel, Appellant proceeded to a *Gagnon II*[3] hearing.

At the hearing, the Commonwealth recommended that the trial court revoke Appellant's probation in the case *sub judice* and resentence him to

---

[1] 35 P.S. § 780-113(A)(16), 75 Pa.C.S.A. § 3802(D)(1)(ii), and 75 Pa.C.S.A. § 1543(B)(1), respectively.

[2] Appellant later entered a guilty plea in connection with these Philadelphia charges ("the Philadelphia case"), and he was sentenced to one year to three years, to be followed by two years of probation. N.T., 11/13/17, at 4.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

eighteen months to thirty-six months in prison. N.T., 11/13/17, at 5. The Commonwealth requested that the probation revocation sentence be imposed consecutively to the sentence Appellant was serving in the Philadelphia case. *Id.*

Appellant did not contest that he violated his probation; however, he sought leniency with regard to sentencing. Specifically, Appellant requested the trial court impose any new sentence in this case concurrently to the sentence Appellant was serving in connection with his sentence imposed in the Philadelphia case. In this vein, Appellant explained to the trial court that he had not used illegal drugs or alcohol since 2015. *Id.* at 9. He indicated his most recent DUI conviction resulted from the fact that, while he was taking a new prescription medicine, he drove to a hospital to be with his then-pregnant girlfriend. *Id.* He admitted that he made a "poor decision" but that he currently has a nine-month-old son, girlfriend, and "strong support system." *Id.* at 9-10. He informed the trial court that he would participate in therapy or "anything [he] can possibly to do to be there for [his] son." *Id.* at 10. He noted that his own father died of an overdose. *Id.* Appellant denied being like his own father and informed the trial court that he does not "want to do that to [his] son." *Id.* Appellant admitted that he was not currently participating in any programs. *Id.* at 6.

The trial court indicated the following during the hearing:

> THE COURT: In sentencing[,] I'm considering basically the nature of the crime. I heard what you said that you made a bad

decision driving to the hospital, and you made a bad decision after getting prescription medicine of driving after taking it. But the nature of your crimes is your prior offenses, and one of the cases I'm sentencing was another DUI.

\*\*\*

Four DUIs in the last ten years. And then continued drug use, opiates. And I talked to—you know, I've known so many addicts over the course of my life. There's only one consistent thing that they say is you're not going to quit until you hit rock bottom. It's hard for me to accept that because it runs counter to the fact that I think maybe if you put yourself in programs they work notwithstanding the fact that you may not have hit rock bottom yet. I don't know. Which is it, rock bottom or is it intensive programs? Rock bottom, intensive programs? I wish we had an answer.

\*\*\*

One thing I know when you're given probation it's sort of like a deal. Were these all guilty pleas by the way?

[DEFENSE COUNSEL]: Yeah, he accepted responsibility. My understanding is he pled.

THE COURT: It's sort of like a deal. Judge, if you put me out on parole, you put me out on probation or if the Parole Board puts you out on parole or probation, it's sort of like a deal, like I promise you I won't mess up again. It's like often times I say it's like walking on egg shells.

\*\*\*

It's like walking on egg shells. You know, you only worry whether or not you're even going to jay walk because it might be a violation, but instead of jay walking you pick up a DUI in Philadelphia, right, and he's not supposed to be driving because he [has] a suspended DUI license.

\*\*\*

Count 2. I find you in violation of your probation. I'm resentencing you to 18 to 36 months [in prison]. All right. . . .I know that's not what you want but I hope it's your rock bottom.

*Id.* at 10-13. The trial court imposed the sentence consecutively to Appellant's sentence in the Philadelphia case.[4]

Appellant filed a motion for reconsideration of sentence,[5] which the trial court denied on December 13, 2017. In denying the motion, the trial court indicated that it considered the facts surrounding the revocation of Appellant's probation and "genuinely feels for the plight faced by the girlfriend and the son, and for [Appellant] himself[.]" Trial Court Order, filed 12/13/17, at 2. However, the trial court concluded the probation revocation sentence was necessary for Appellant's rehabilitation so that he could "get control of his addiction and, hopefully, come out and be a better father to his son and a better husband/mate to his girlfriend." *Id.* The trial court also noted that "it has an obligation to society to prevent [Appellant] from getting behind the wheel again and picking up a 5th DUI in ten years and maybe killing somebody while he [drives] under the influence." *Id.*

---

[4] The trial court also revoked Appellant's parole with regard to the 2015 possession case and sentenced him to his full back-time but granted him immediate parole. This sentence was ordered to run concurrently to the sentence in the case *sub judice*.

[5] There is no motion for reconsideration in the certified record, and the certified docket entries do not reflect that such a motion was filed. However, the record contains the trial court's denial order.

On December 13, 2017, this timely, counseled appeal followed. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement,[6] and on January 3, 2018, Appellant's counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating his intent to file an *Anders* brief on appeal. The trial court filed a brief Pa.R.A.P. 1925(a) opinion. On April 11, 2018, Appellant's counsel filed in this Court a petition to withdraw his representation, as well as a brief pursuant to *Anders*. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). *See also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional

---

[6] There is no Rule 1925(b) order in the certified record, and the certified docket entries do not reflect that such an order was filed. However, the trial court indicates in its Rule 1925(a) opinion that it issued a Rule 1925(b) order on December 14, 2017.

arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in ***Santiago*** stated that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed his petition to withdraw as counsel and ***Anders*** brief. In his petition, counsel states that after a thorough and conscientious examination of the record he has determined that an appeal herein is wholly frivolous. Additionally, in accordance with ***Nischan***, counsel

has mailed Appellant a copy of the **Anders** brief and a letter informing him that: (1) he has the right to retain new counsel; (2) he may proceed further with his case *pro se;* and (3) he may raise any points that he deems worthy of the this Court's attention. Counsel attached his conforming correspondence to his petition to withdraw. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005).

In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal challenging the discretionary aspects of the sentence, provides citations to relevant case law, and states his reasoning and conclusion that the appeal is wholly frivolous. Accordingly, counsel has substantially complied with all of the technical requirements of **Anders** and **Santiago**. Therefore, we first proceed to examine the issues counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 2018 WL 2346441, at *4 (Pa.Super. filed 5/24/18) (*en banc*) (quotation omitted).[7]

_____

[7] In **Yorgey**, an *en banc* panel of this Court relevantly held:
> [W]e must give **Anders** a most generous reading and review 'the case' as presented in the entire record with consideration first of issues raised by counsel. . . .[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel,

In the **Anders** brief, Appellant's counsel raised challenges to the discretionary aspects of Appellant's probation revocation sentence. Specifically, he questioned whether Appellant's sentence of eighteen months to thirty-six months of imprisonment was harsh and excessive, as well as whether the trial court abused its discretion in imposing the sentence consecutively to the sentence previously imposed in the Philadelphia case.

Initially, we observe that it is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. **Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa.Super. 2006). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test. Specifically:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013) (quotation omitted).

---

intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.
**Yorgey**, 2018 WL 2346441, at *4 (citation omitted).

Here, Appellant filed a timely notice of appeal, and we shall assume, *arguendo*, Appellant filed a timely motion for reconsideration in which he presented his discretionary aspects of sentencing claims.[8] Further, the **Anders** brief contains a Rule 2119(f) statement. However, assuming, *arguendo*, Appellant has raised a substantial question with regard to his discretionary aspects of sentencing claims, we find the claims are meritless.

This Court has held the following:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [U]pon revocation [of probation]. . .the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist[s]:
>
>> (1) the defendant has been convicted of another crime; or

---

[8] As indicated *supra*, without explanation, the certified record does not contain the motion for reconsideration or a docket entry with regard thereto.

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.
>
> In addition, in all cases where the court resentences an offender following revocation of probation. . .the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and][f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043–44 (Pa.Super. 2014) (quotations and quotation marks omitted).

Upon review, we discern no abuse of discretion in the trial court's decision to impose a term of eighteen months to thirty-six months in prison as a result of Appellant's probation violation. In support of its sentence, the trial court noted that Appellant has a history of DUIs, including the Philadelphia case, which occurred while Appellant was on probation in the instant case and resulted in a new conviction. While the trial court was sympathetic to the fact Appellant was driving to the hospital to visit his then-pregnant girlfriend, the trial court recognized Appellant made a "bad decision after getting prescription medicine of driving after taking it." N.T., 11/13/17, at 10. The trial court noted the term of imprisonment was necessary for Appellant's rehabilitation. *Id.* at 13. Further, the trial court explained that it considered the need to

protect society from Appellant's DUI habits. Accordingly, while the trial court weighed the various factors differently than Appellant would have liked, we decline to second-guess the careful consideration of the trial court and do not find the trial court's sentence of eighteen months to thirty-six months in prison was an abuse of discretion. *See Commonwealth v. Pasture*, 630 Pa. 440, 107 A.3d 21, 29 (2014) (noting a revocation sentence is peculiarly within the trial judge's discretion).

Moreover, we note the trial court explained its decision for imposing Appellant's sentence consecutively to the sentence in the Philadelphia case. Specifically, the trial court recognized Appellant requested the sentences run concurrently; however, opining Appellant has not yet "hit rock bottom[,]" the trial court determined the imposition of a consecutive sentence was necessary for Appellant's rehabilitation. N.T., 11/13/17, at 13. We find no abuse of discretion in this regard. *See Commonwealth v. Graham*, 541 Pa. 173, 661 A.2d 1367, 1373 (1995) (holding "the general rule in Pennsylvania is that in imposing a sentence[,] the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed").

"Furthermore, after conducting a full examination of all the proceedings as required pursuant to *Anders*, we discern no non-frivolous issues to be raised on appeal." *Yorgey*, 2018 WL 2346441, at *6. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to Withdraw granted. Judgment of Sentenced affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18